**Cite as: Opinion No. 94-005 (January 24, 1994) (unpublished)**

**JUVENILE CAUSES ) CONFIDENTIALITY OF JUVENILE RECORDS**


January 24, 1994


*The Honorable Michael R. Gordon*
*House of Delegates*

You have requested our opinion about a number of issues relating to the confidentiality of juvenile records.  In a recent letter of advice to the Director of the Montgomery County Criminal Justice Coordinating Commission, Assistant Attorney General Ronald M. Levitan addressed each of the questions that you posed in your opinion request.  Letter to H. Jerome Miron (January 3, 1994).  A copy of Mr. Levitan's letter is attached.

We have reviewed Mr. Levitan's response and concur with his conclusions.  One item warrants some elaboration, however.

You asked whether the confidentiality restrictions that ordinarily govern police records of a juvenile apply when the juvenile is charged as an adult under §3-804(e) of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code.  The pertinent confidentiality provision, CJ §3-828(a), provides in general that "[a] police record concerning a child is confidential and shall be maintained separate[ly] from those of adults.  Its contents may not be divulged ... except by order of the court" ) that is, the juvenile court ) "upon good cause shown."  The subsection goes on to authorize confidential access and use of the record by the Department of Juvenile Services and law enforcement agencies.

Citing a passage in *In re Diane M.*, 317 Md. 652, 657, 566 A.2d 108 (1989), in which the Court of Appeals described CJ §3-828 as governing "disclosure of police records of a juvenile *in the custody of juvenile authorities ...*" (emphasis added), Mr. Levitan advised that "if a juvenile is charged as an adult with a crime which falls outside the original jurisdiction of the juvenile court, the confidentiality provisions of CJ §8-828 do not apply."  Advice letter at 2.

We agree.  The General Assembly has created two distinct spheres, reflecting the two different ways in which society responds to the criminal misconduct of children: the Juvenile Causes Act and the ordinary criminal process.  The appellate courts have emphasized the separation of the two spheres. A circuit court sitting as a juvenile court, for example, "may exercise only those powers granted to it by statute, and it may not exercise powers it otherwise could exercise if it were sitting as a criminal court."  *In re Glenn S.*, 293 Md. 510, 511, 445 A.2d 1029 (1982).  *See also Crosby v. State*, 71 Md. App. 56, 65, 523 A.2d 1042 (1987) (discussing age as a "dividing line between the adult and the juvenile systems").  *Cf. Aye v. State*, 17 Md. App. 32, 299 A.2d 513 (1973) (discussing jurisdictional consequences of waivers).

In most cases involving delinquent acts by children, the Legislature has determined that the appropriate response is "to remove from children ... the taint of criminality and the consequences of criminal behavior." CJ §3-802(a)(2). Confidentiality is a key factor in achieving this result for children over whom the juvenile court exercises jurisdiction, and CJ §3-828 guarantees confidentiality within that sphere. But when a child, pursuant to statute, is prosecuted as an adult, the ground rules change. Nothing from the sphere of juvenile causes, including its confidentiality strictures, carries over.

Should this result be viewed as undesirable from a policy perspective, the statute could be amended to apply confidentiality requirements to a prosecution of a child as an adult. But, in our view, the law does not do so now.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*